IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOTOROLA, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 08-69 |
| | § | |
| v. | § | |
| | § | **JURY** |
| RESEARCH IN MOTION LIMITED | § | |
| AND RESEARCH IN MOTION | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motorola, Inc. ("Plaintiff"), for its complaint against defendants Research in Motion Limited and Research in Motion Corporation (collectively "Defendants"), avers as follows:

### JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

3.      Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants regularly conduct business in this district and have committed acts of patent infringement in this district.  Defendant, Research in Motion Limited, although required to designate or maintain a resident agent for service of process, has not so designated or maintained a resident agent.  The Secretary of State of the State of Texas is an agent for service of process

1

on defendant Research in Motion Limited, who has engaged in business in the State of Texas. Since said non-resident defendant does not maintain a regular place of business in Texas, has not designated an agent for service of process, and this lawsuit arises out of this non-resident defendant's transaction of business in Texas, service of Summons upon defendant Research in Motion Limited may be made through the Secretary of State.

## THE PARTIES

4.      Plaintiff Motorola, Inc., is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

5.      Upon information and belief, Defendant Research in Motion Limited is a corporation organized under the laws of Canada and has its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3WB.  Upon information and belief, defendant Research in Motion Limited directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States (including in this Judicial District), and/or imports into the United States consumer products, including wireless communication devices, associated equipment and software.

6.      Defendant Research in Motion Corporation is a corporation organized under the laws of the State of Delaware and has its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.  Upon information and belief, defendant Research in Motion Corporation directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States (including in this Judicial District), and/or imports into the United States consumer products, including wireless communication devices, associated equipment and software.

## BACKGROUND
### Asserted Patents

7.      United States Patent No. 5,157,391, titled "APPARATUS AND METHOD FOR DISPLAYING A PLURALITY OF FUNCTION INDICATORS IN A SELECTIVE CALL RECEIVER" ("the '391 patent"), was duly and legally issued on October 20, 1992, to Inventor Randi F. Weitzen.  Plaintiff is the owner by assignment of all right, title and interest in and to the '391 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '391 patent is attached hereto as Exhibit A.

8.      United States Patent No. 5,359,317, titled "METHOD AND APPARATUS FOR SELECTIVELY STORING A PORTION OF A RECEIVED MESSAGE IN A SELECTIVE CALL RECEIVER" ("the '317 patent"), was duly and legally issued on October 25, 1994, to Inventors Fernando A. Gomez and Mark T. Stair.  Plaintiff is the owner by assignment of all right, title and interest in and to the '317 patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '317 patent is attached hereto as Exhibit B.

9.      United States Patent No. 5,394,140, titled "METHOD AND APPARATUS FOR PRE-PROGRAMMED CALL-BACK-NUMBER-DETERMINED ALERT" ("the '140 patent"), was duly and legally issued on February 28, 1995, to Inventors Poh-T'in Wong, Allen J. Weidler and William J. Burke.  Plaintiff is the owner by assignment of all right, title and interest in and to the '140 patent, including the right to sue for past infringement thereof.  A true and correct copy of the '140 patent is attached hereto as Exhibit C.

10.     United States Patent No. 5,612,682, titled "METHOD AND APPARATUS FOR CONTROLLING UTILIZATION OF A PROCESS ADDED TO A PORTABLE COMMUNICATION DEVICE" ("the '682 patent"), was duly and legally issued March 18, 1997, to Inventors Michael J. DeLuca, George W. Smoot and Douglas R. Kraul.  Plaintiff is the

owner by assignment of all right, title and interest in and to the '682 patent, including the right to sue for past infringement thereof. A true and correct copy of the '682 patent is attached hereto as Exhibit D.

11.     United States Patent No. 5,764,899, titled "METHOD AND APPARATUS FOR COMMUNICATING AN OPTIMIZED REPLY" ("the '899 patent"), was duly and legally issued on June 9, 1998, to Inventors Gene Eggleston, Mitch Hansen and Anthony Rzany. Plaintiff is the owner by assignment of all right, title and interest in and to the '899 patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '899 patent is attached hereto as Exhibit E.

12.     United States Patent No. 5,771,353, titled "SYSTEM HAVING VIRTUAL SESSION MANAGER USED SESSIONLESS-ORIENTED PROTOCOL TO COMMUNICATE WITH USER DEVICE VIA WIRELESS CHANNEL AND SESSION-ORIENTED PROTOCOL TO COMMUNICATE WITH HOST SERVER" ("the '353 patent"), was duly and legally issued on June 23, 1998, to Inventors Gene Eggleston and Mitch Hansen. Plaintiff is the owner by assignment of all right, title and interest in and to the '353 patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '353 patent is attached hereto as Exhibit F.

13.     United States Patent No. 5,974,447, titled "METHOD AND SYSTEM FOR COUPLING A SELECTIVE CALL RECEIVER TO WIDELY DISTRIBUTED INFORMATION SOURCES" ("the '447 patent"), was duly and legally issued on October 26, 1999, to Inventors Gregory L. Cannon, David P. Kilp and Nick P. Lagen. Plaintiff is the owner by assignment of all right, title and interest in and to the '447 patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '447 patent is attached hereto as Exhibit G.

14.     Upon information and belief, Defendants have had knowledge of the '391 patent, the '317 patent, the '140 patent, the '899 patent, the '353 patent, and the '447 patent since at least January 1, 2008.

<u>**CLAIM ONE**</u>
**(Infringement of U.S. Patent No. 5,157,391)**

15.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing or inducing infringement of at least claims 1, 8 and 9 of the '391 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s).

16.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

17.     Defendants, with actual knowledge of the '391 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the '391 patent, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

<u>**CLAIM TWO**</u>
**(Infringement of U.S. Patent No. 5,359,317)**

18.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 1 of the '317 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s).

19.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

20.     Defendants, with actual knowledge of the '317 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the '317 patent, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## CLAIM THREE
### (Infringement of U.S. Patent No. 5,394,140)

21.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claims 1 and 15 of the '140 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s).

22.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

23.     Defendants, with actual knowledge of the '140 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the '140 patent, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## CLAIM FOUR
### (Infringement of U.S. Patent No. 5,612,682)

24.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 1 of the '682 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making,

using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s).

25.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

## CLAIM FIVE
### (Infringement of U.S. Patent No. 5,764,899)

26.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 1 of the '899 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s); and the BlackBerry Exchange Server software.

27.     Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

28.     Defendants, with actual knowledge of the '899 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the '899 patent, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## CLAIM SIX
### (Infringement of U.S. Patent No. 5,771,353)

29.     Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 9 of the '353 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making,

using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s); and the BlackBerry Exchange Server software.

30. Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

31. Defendants, with actual knowledge of the '353 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the '353 patent, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

### CLAIM SEVEN
**(Infringement of U.S. Patent No. 5,974,447)**

32. Upon information and belief, Defendants have been and still are infringing, contributorily infringing, or inducing infringement of at least claim 8 of the '447 patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in this district and elsewhere, by their activities, including making, using, offering to sell, importing, or selling certain wireless communication devices and related equipment, including at least the BlackBerry 8100, 8130, 8300, 8320, 8800, 8820, and/or 8830 device(s); and the BlackBerry Exchange Server software.

33. Defendants' infringing activities have caused and will continue to cause Plaintiff irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

34. Defendants, with actual knowledge of the '447 patent, with knowledge of their infringement, and without lawful justification, have willfully infringed the '447 patent, entitling Plaintiff to damages and treble damages pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment:

a.      Adjudging that Defendants have infringed at least the asserted claims of the '391 patent, the '317 patent, the '140 patent, the '682 patent, the '899 patent, the '353 patent, and the '447 patent;

b.      Permanently enjoining Defendants and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement or inducement of infringement of the asserted patents unless and until licensed under the asserted patents by Plaintiff;

c.      Awarding to Plaintiff damages sufficient to compensate Plaintiff for the infringement by Defendants, together with both pre-judgment and post-judgment interest;

d.      Trebling the damages awarded for infringement claims one through three and five through seven, as provided by 35 U.S.C. § 284;

e.      Finding this action constitutes an exceptional case under 35 U.S.C. § 285;

f.      Awarding to Plaintiff its costs and attorney fees; and

g.      Awarding to Plaintiff such other and further relief as this Court deems proper and just.

Damon Young (State Bar No. 22176700)
dyoung@youngpickettlaw.com
John Pickett (State Bar No. 15980320)
jpickett@youngpickettlaw.com
Lance Lee (State Bar No. 24004762)
llee@youngpickettlaw.com
**YOUNG, PICKETT & LEE**
4122 Texas Boulevard
P.O. Box 1897*
Texarkana, Texas 75503 (*75504)
Telephone: (903) 794-1303
Fax: (903) 792-5098

By: _/s/ John M. Pickett_

**Attorneys for Plaintiff
Motorola, Inc.**

OF COUNSEL:

Jesse J. Jenner
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
*jesse.jenner@ropesgray.com*

Norman H. Beamer
**ROPES & GRAY LLP**
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 617-4000
*norman.beamer@ropesgray.com*

Nicole M. Jantzi
**ROPES & GRAY LLP**
700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
*nicole.jantzi@ropesgray.com*

Dated: February 16, 2008

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b), Fed. R. Civ. P., and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.